# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 20, 2025

* * * * * * * * * * * * * * *
CAROL CARCHIETTA, *

Petitioner, * No. 21-2338V

v. * Special Master Young

SECRETARY OF HEALTH AND HUMAN SERVICES, *

Respondent. *
* * * * * * * * * * * * * * *

*Phyllis Widman*, Widman Law Firm, LLC, Linwood, NJ, for Petitioner
*Adam Nemeth Muffett*, United States Department of Justice, Washington, DC, for Respondent

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On August 22, 2024, Carol Carchietta ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$43,396.64**[2] for the work of her counsel, Phyllis Widman. Pet'r's Application for Interim Attorneys' Fees & Costs ("Fees App.") at 2, ECF No. 58. This amount consists of $27,545.75 in fees, $12,375.00 in costs owed to counsel, and $3,475.89 in costs incurred by Petitioner. *Id.* at 1–2. On September 4, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 60. In his response, Respondent stated that he "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] $12,375.00 + $3,475.89 + $27,545.75 = $43,396.64.

## I. Procedural History

On December 28, 2021, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] Pet., ECF No. 1. Petitioner then filed an affidavit and medical records on January 28, 2022, and an expert report from Dr. Arthur Brawer on March 2, 2022. ECF Nos. 6, 9. Petitioner filed additional medical records and medical literature between October 27, 2022, and February 8, 2023. ECF Nos. 20, 23, 25, 28, 30, 34.

On April 14, 2023, Respondent filed his Rule 4(c) report arguing against compensation, as well as expert reports and medical literature from Dr. Carlos Rose and Dr. Nathaniel Robbins. ECF Nos. 39–41. On February 26, 2024, Petitioner filed an expert report from Dr. Georges Ghacibeh, as well as supporting medical literature. ECF No. 50. Respondent filed additional expert reports from Dr. Rose and Dr. Robbins on April 29, 2024, and October 25, 2024, and Petitioner filed an additional expert report from Dr. Ghacibeh on August 13, 2024. ECF Nos. 55–56, 61.

Petitioner filed an application for interim attorneys' fees and costs and a declaration of Petitioner's personal costs on August 22, 2024. Fees App.; ECF No. 59. Respondent filed his response on September 4, 2024. Resp't's Resp. Petitioner did not file a reply. This matter is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs*., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs*., No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of*

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

*Health & Hum. Servs*., No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost four years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted an itemization of attorney fees, a summary and documentation of costs, and a statement of Petitioner's personal costs. Petitioner's counsel has requested a total of **$43,396.64** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs*., No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Fees App. at 2. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office

of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel: for attorney Phyllis Widman, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, $420.00 per hour for work performed in 2023, and $480.00 per hour for work performed in 2024; and for attorney Leonard Weiss, $400.00 per hour for work performed in 2020. Petitioner also requests a rate of $175.00 per hour for work performed by her counsel's paralegal between 2020 and 2024.

**1. Current Counsel, Phyllis Widman**

I have reviewed the hourly rates requested by Petitioner for the work of her counsel throughout the duration of this case. The hourly rates requested for Ms. Widman and her paralegal are consistent with what she has previously been awarded for Vaccine Program work, and I find them to be reasonable for work performed in the instant case. *See, e.g.*, *Williams v. Sec'y of Health & Hum. Servs.*, No. 18-1860V, 2025 WL 755057 (Fed. Cl. Spec. Mstr. Feb. 11, 2025); *Griffiths v. Sec'y of Health & Hum. Servs.*, No. 23-243V, 2025 WL 2027767 (Fed. Cl. Spec. Mstr. June 26, 2025); *Jenkins v. Sec'y of Health & Hum. Servs.*, No. 18-1946V, 2025 WL 2218830 (Fed. Cl. Spec. Mstr. July 11, 2025).

**2. Referring Counsel, Leonard Weiss**

A referring attorney who performs no direct work in the litigating of a Vaccine Court petition can still obtain a fee award. *See*, *e.g. Bell v. Sec'y of Health & Hum. Servs.*, No. 07-454V, 2008 WL 4657081, at *1 (Fed. Cl. Spec. Mstr. Oct. 2, 2008); *Hussey v. Sec'y of Health & Hum. Servs.*, No. 89-69V, 1990 WL 293391 at *3–4 (Fed. Cl. Spec. Mstr. June 27, 1990). However, the reasonableness of a referring attorney's pre-filing activity is subject to the same standard that governs the fee requests of the attorneys who actually litigated the case. *Farrar v. Sec'y of Health & Hum. Servs.*, No. 90-1167V, 1992 WL 336502, at *3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992).

Here, there is no attached affidavit or other supporting documentation to indicate Mr. Weiss' experience or the reasonableness of his rates, and he does not appear to have litigated or been a participant to a case in the Program before. The Forum Hourly Fee Rate Schedule for 2020 indicates that an attorney must have a minimum of 11 years of experience to justify the hourly rate of $400.00 per hour requested by Mr. Weiss. Although no supporting documentation was filed, an internet search of Mr. Weiss' law firm, The Weiss Group, LLC, indicates Mr. Weiss had been practicing for approximately 20 years at the time of his referral work on this case. Accordingly, I find Mr. Weiss' rate of $400.00 per hour to be reasonable.

**B. Reasonable Number of Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461

[4] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

U.S. at 434). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.

It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g., Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. CL. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file; (*McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

**a. Current Counsel, Phyllis Widman**

Upon review of the submitted billing records, I find a substantial need for reduction due to duplicative billing,[5] billing for administrative tasks,[6] billing for paralegal tasks at attorney rates,[7] and excessive routine billing for 0.1 hours spent on minute tasks like reading an email or reviewing a non-pdf scheduling order.[8] *See* Fee App. at 8–16. Ms. Widman's fees in prior cases have been reduced for similar billing practices. *See*, *e.g.*, *Foukarakis v. Sec'y of Health & Hum. Servs.*, No. 20-1547V, 2024 WL 1156130, at *3 (Fed. Cl. Spec. Mstr. Feb. 22, 2024); *Maxwell v. Sec'y of Health & Hum. Servs.*, No. 16-827V, 2018 WL 5095119, at *3 (Fed. Cl. Spec. Mstr. Sept. 17, 2018); *Williams*, No. 18-1860V, 2025 WL 755057, at *5 (specifically cautioning Ms. Widman to cease these billing practices or risk "not being paid for all such entries in the future").

The billing records reveal a total of 38 separate entries described as "Review of ECF" followed by the document that was reviewed, or a similar review of an ECF filing. In the case of these entries, the documents being reviewed were typically orders from the court (typically non-PDF orders) and joint status reports. Although these entries were typically billed for 0.1 or 0.15 hours, the total amount of these billing entries creates an overall unreasonable amount of time spent reviewing extremely short orders and motions (0.45 hours in 2021, 2.5 hours in 2022, 1.15 hours in 2023, and 0.7 hours in 2024). I have specifically warned Ms. Widman about this exact

[5] For example, on May 22, 2020, Ms. Widman billed 0.4 hours for a telephone call with Mr. Weiss, while Mr. Weiss billed 1.0 hours for a telephone call with Ms. Widman; on July 27, 2023, Ms. Widman billed 0.15 hours for "email correspondence to client confirming zoom call details and receipt and review of drafted correspondence," while her paralegal billed 0.1 hours for "[d]raft[ing] email correspondence to client coordinating zoom call; on January 30, 2024, Ms. Widman billed 0.1 hours for "[r]eceipt and review of follow-up email to expert" and her paralegal billed 0.1 hours for "[d]rafted email to expert following up on report." Fee App. at 8, 13–14, 17.

[6] For example, there are numerous instances of Ms. Widman billing for the filing of documents to the Court's CM/ECF system. *See* Fee App. at 8–16.

[7] For example, Ms. Widman billed over 8 hours for "File Review;" 0.3 hours for "[d]rafting Notice of Filing, Exhibits 34-44, and Updated Exhibit List on USCFC website;" and 0.2 hours for "[d]rafting of motion for extension/ECF." Fee App. at 10–15.

[8] For example, Ms. Widman billed 0.1 hours (six minutes) at her full attorney rate for "Review of ECF – Scheduling Order," "Review of ECF – Reassignment Order," "Review of ECF and Notice of Reassignment," and "Review of ECF and Notice of Appearance." Fee App. at 10.

billing practice in prior decisions and reduced her award accordingly. *See Maxwell*, 2018 WL 5095119, at *3 (reducing Ms. Widman's hours on "ECF Review" by half due to 44 excessive entries). I will therefore only award half of the total requested time for these entries, 0.225 hours in 2021, 1.25 hours in 2022, 0.575 hours in 2023, and 0.35 hours in 2024.[9] This results in reduction of $84.38 in 2021, $500.00 in 2022, $241.50 in 2023, and $168.00 in 2024,[10] for a **total reduction of $993.88.**[11]

Further, considering the other/additional/unbillable/unnecessary billing practices described above and the fact Ms. Widman has been warned by this Court regarding her billing cases, I will reduce the total award of Ms. Widman's fees by an additional 10%. This results in a **reduction of $2,674.58**.[12] When considering the above two reductions, Ms. Widman's **total award is $23,077.29.**[13] I strongly caution Ms. Widman to correct her billing procedures to avoid future reductions for such activities.

**b. Referring Counsel, Leonard Weiss**

In addition to the fees and expenses charged by Ms. Widman, Petitioner requests reimbursement for fees incurred by the work of referring counsel Leonard Weiss. Specifically, a request is made for two hours of work at $400.00 per hour, totaling $800.00. The extent of Mr. Weiss' work includes a one-hour telephone call with Petitioner discussing her claim, and another one-hour block billing which includes another call with Petitioner, a call with Ms. Widman, and an email with Ms. Widman referring the case.

Upon review, I find the overall hours billed to be reasonable. Mr. Weiss has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Mr. Weiss is entitled to a **total award of $800.00**.

**C. Costs**

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs*., 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters

[9] 0.45 ÷ 2 = 0.225; 2.5 ÷ 2 = 1.25; 1.15 ÷ 2 = 0.575; 0.7 ÷ 2 = 0.35.
[10] $375.00 x 0.225 = $84.38; $400.00 x 1.25 = $500.00; $420.00 x 0.575 = $241.50; $480.00 x 0.35 = $168.00.
[11] $84.38 + $500.00 + $241.50 + $168.00 = $993.88.
[12] $26,745.75 x 0.1 = $2,674.58.
[13] $26,745.75 - $2,674.58 - $993.88 = $23,077.29.

have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests a total of $3,475.89 in personal costs. This amount is comprised of acquisition of medical records and court filing fees. *See* Fees App. at 4. The amount also includes fees for expert services provided by Dr. Arthur Brawer, totaling $2,750.00. However, all payment for these costs were made by Petitioner's counsel, not Petitioner herself. Accordingly, I will treat these costs as costs accumulated by Petitioner's counsel, Ms. Widman. If Petitioner can present additional evidence that she has paid these costs personally and has not been reimbursed, she may include such evidence in an application for final fees and it will be reevaluated.

In addition to the costs noted above, Petitioner requests a total of $12,375.00 in unpaid attorneys' costs, entirely comprised of costs associated with the expert services of Dr. Georges Ghacibeh. *See* Fee App. at 5.

**1. Expert Fees**

**a. Dr. Arthur Brawer**

Fees for experts are subject to the same reasonableness standard as fees for attorneys. *Baker v. Sec'y of Health & Hum. Servs.*, 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005). Dr. Brawer charged a flat rate of $2,750.00 for his four-page report. I do not doubt that Dr. Brawer had done additional medical research in the process of formulating his report, however, his lack of billing records makes it near impossible to ascertain the effort put in or to assign a value to this report. Dr. Brawer only submitted a flat rate invoice for this report, which included no hourly rate or breakdown of his time spent. This is not standard practice in the Vaccine Program where experts are subject to the same requirements as attorneys in order to receive compensation. Other special masters have warned and refused to compensate Dr. Brawer for his lack of clear billing. *See, e.g.*, *Clark v. Sec'y of Health & Hum. Servs.*, No. 17-1553V, 2023 WL 2319374, at *6 (Fed. Cl. Spec. Mstr. Feb. 9, 2023); *Brunker v. Sec'y of Health & Hum. Servs.*, No. 18-683V, 2023 WL 21255 (Fed. Cl. Spec. Mstr. Nov. 29, 2022); *Drobbin v. Sec'y of Health & Hum. Servs.*, No. 14-225V, 2022 WL 1515024, at *4 (Fed. Cl. Spec. Mstr. Apr. 28, 2022); *Moses v. Sec'y of Health & Hum. Servs.*, No. 19-739V, 2020 WL 6778002, at *4 (Fed. Cl. Spec. Mstr. Oct. 23, 2020); *Hanson v. Sec'y of Health & Hum. Servs.*, No. 18-590V, 2020 WL 5628694, at *2 fn. 3 (Fed. Cl. Spec. Mstr. Aug. 24, 2020); *Whelan v. Sec'y of Health & Hum. Servs.*, No. 16-1174V, 2019 WL 5290521, at *3 fn. 6 (Fed. Cl. Spec. Mstr. Sept. 11, 2019). Given the lack of hourly billing, I cannot assess whether Dr. Brawer should be awarded what he requests. Both Dr. Brawer and Ms. Widman have also been warned previously that Dr. Brawer's practices do not comport with the Court's standards, and other special masters have deferred an award of Dr. Brawer's interim fees for these same reasons. *See Clark*, 2023 WL 2319374; *Drobbin*, 2022 WL 1515024; *Moses*, 2020 WL 6778002.

Accordingly, I will not award Dr. Brawer's fees at this time. This results in a **reduction of $2,750.00**. Petitioner may submit invoices made at the time of billing (June 16, 2020), which detail Dr. Brawer's time spent on this case. If Petitioner wishes to do so, such evidence will be reconsidered when evaluating final fees.

**b. Dr. Georges Ghacibeh**

Petitioner requests $12,375.00 for 22.5 hours of work performed by neurologist Dr. Ghacibeh at a rate of $550.00 per hour. Fee App. at 32. I find the time Dr. Ghacibeh spent reviewing medical records, medical literature, and drafting his expert reports reasonable. However, Dr. Ghacibeh's hourly rate must be reduced.

Dr. Ghacibeh has not previously been awarded a $550.00 hourly rate for his work in the Program. Instead, Dr. Ghacibeh has been awarded a $500.00 hourly rate by other special masters. *See*, *e.g. Griffiths*, 2025 WL 2027767, at *3 (refusing an increased rate of $550.00 per hour and reducing Dr. Ghacibeh's rate to $500.00 per hour); *Foukarakis*, 2024 WL 1156130, at *4 (granting a requested rate of $500.00 per hour). Further, Petitioner has provided no evidence to support an increased rate of $550.00 per hour. Consistent with past decisions, I will award Dr. Ghacibeh a rate of $500.00 per hour for his work in this case. This results in a **reduction of $1,125.00.**[14]

**2. Miscellaneous Costs**

Petitioner requests $725.89 for obtaining medical records and the Court's filing fee. Fee App. at 4. Petitioner has provided adequate documentation supporting the cost of the medical records and the filing fee. Fee App. at 18–28. Accordingly, I will award these costs in full.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner the following in interim attorneys' fees and costs:

**For Phyllis Widman at Widman Law Firm, LLC**

| | |
|---|---|
| Interim Attorneys' Fees Requested | $27,545.75 |
| (Reduction) | -$3,668.46 |
| **Interim Attorneys' Fees Awarded** | **$23,877.29** |
| | |
| Interim Costs Requested | $15,850.89 |
| (Reduction) | -$3,875.00 |
| **Interim Costs Awarded** | **$11,975.89** |
| **Total Amount Awarded** | **$35,853.18** |

**Accordingly, I award a lump sum in the amount of $35,853.18, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[15]

[14] $550.00 - $500.00 = $50.00; $50.00 x 22.5 = $1,125.00.

[15] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master